```
Rachel E. Kaufman, CA Bar No. 259353
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LIPP JR., individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>MAXIMUM MORTGAGE & REAL ESTATE, INC., a California corporation, and CHRISTOPHER RODRIGUEZ, a California individual,<br><br>*Defendants.* | Case No. **'22CV1103 DMS WVG**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Richard Lipp Jr. ("Plaintiff" or "Lipp") brings this Class Action Complaint and Demand for Jury Trial against Defendant Maximum Mortgage & Real Estate, Inc., ("Defendant" or "Maximum Mortgage") and Defendant Christopher Rodriguez, ("Defendant" or "Rodriguez") to stop Defendants from violating the Telephone Consumer Protection Act ("TCPA") by making calls to cellular telephone numbers using pre-recorded voice messages *without consent* to consumers. Plaintiff Lipp also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff, for this Complaint, alleges as follows upon

personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Richard Lipp is a resident of Chula Vista, California.

2. Defendant Maximum Mortgage & Real Estate, Inc. is a California corporation, incorporated and headquartered in Oceanside, California. Defendant Maximum Mortgage conducts business throughout this District, California, and the U.S.

3. Defendant Christopher Rodriguez is a resident of Oceanside, California. Defendant Rodriguez is the President and CEO of Defendant Maximum Mortgage and controls the operations of the company to conduct business throughout this District, California, and the U.S.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendant and the venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this

District and the wrongful conduct giving rise to this case was directed by the Defendant from this District.

## INTRODUCTION

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in June 2022 alone, at a rate of 144.3 million calls per day. www.robocallindex.com (last visited July 26, 2022).

12. The FCC also has received an increasing number of complaints about unwanted calls, with over 150,000 complaints in 2020, and over 160,000 complaints in 2021. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

15. Defendant Maximum Mortgage is a full-service real estate, mortgage, and property mortgage firm which provides various real estate and refinancing services to consumers throughout the U.S.[3]

16. Defendant Rodriguez is a realtor, and the President and CEO of Defendant Maximum Mortgage.

17. Defendant Maximum Mortgage places cold calls to consumers, including pre-recorded calls, without ever obtaining their express consent to place such calls, like in Plaintiff Lipp's case.

18. Defendant Rodriguez records and sends prerecorded voice messages to consumers *en masse* identifying himself as the owner of Defendant Maximum Mortgage and promoting Defendant Maximum Mortgage's services.

19. Several consumers have posted complaints online regarding unsolicited telemarketing calls they received from or on behalf of Defendants, including complaints of receiving unsolicited pre-recorded calls from Defendant Rodriguez, for instance:

- ★☆☆☆☆  01/27/2021
  Stop calling me! You call and somehow bypass any ring that I can ignore and go straight to voicemail where you leave the same obnoxious voicemail recording. This alone is why I will never use your company. Go. Away.[4]

---

[3] https://www.maxmre.com/about
[4] https://www.bbb.org/us/ca/oceanside/profile/mortgage-broker/maximum-mortgage-real-estate-1126-171987045/customer-reviews

CLASS ACTION COMPLAINT
-5-

-  [5]

- [6]

- "STOP calling and harassing people! I never signed up for your services. You obviously BOUGHT my data from someone. You have called 10 times and I have NEVER answered - you NEED to get a hint! I've left you messages back asking you NOT to contact me." [7]

20. Multiple consumers have also reported receiving unsolicited calls from Defendant Rodriguez using similar pre-recorded voice messages that Defendants sent to Plaintiff Lipp, and using the same phone numbers, 760-350-7475 and 760-266-7352, from which Defendants also called Plaintiff Lipp, including:

---

[5] https://www.bbb.org/us/ca/oceanside/profile/mortgage-broker/maximum-mortgage-real-estate-1126-171987045/complaints#1107866216
[6] https://us.shouldianswer.net/phone-number/7603507475
[7] https://g.co/kgs/PZYdTE

CLASS ACTION COMPLAINT
-6-

-   [8]

- hello is Christopher Rodriguez Marine Corps veteran and owner of Maximum mortgage it's been about six months since I've reached out I wanted to call you personally and give you some good news we have seen some relief and interest rates on VA loans they have dropped about 1% over the  [9]

---

[8] https://lookup.robokiller.com/p/760-266-7352
[9] https://lookup.robokiller.com/p/760-266-7352

CLASS ACTION COMPLAINT
-7-

- 

- 

### PLAINTIFF LIPP JR'S ALLEGATIONS

21. Plaintiff Lipp is the subscriber and the sole user of the phone number ending with xxx-xxx-0339.

22. On July 19, 2022, at 5:18 PM, Plaintiff Lipp received a call that resulted in a voicemail to his cell phone using the phone number 760-266-7352:

"Hello, it's Christopher Rodriguez, Marine Corps veteran and owner of Maximum Mortgage. It's been about 6 months since I reached out. I wanted

---

[10] https://lookup.robokiller.com/p/760-350-7475
[11] https://callfilter.app/17603507475

to call you personally and give you some good news. We have seen some relief in interest rates on VA loans, they have dropped about 1% over the last week and a lot of veterans have just been on standby because they're sitting on a ton of equity and they want to put that equity to use and values will not be this high as we stat to transition in the market so this is a real opportunity to pull some cash out, pay off some high interest revolving debt, build that granny flat, pay off some bills or just have it as a nest egg. I would love to send you a free estimate. That's what I do. We are A+ rated with the Better Business Bureau and we will never charge you junk fees. We'll even cover your appraisal if necessary and we just want to make this make sense for you. If you can, send me a recent mortgage statement to my cell I'm calling you from 760-350-7475 and then just let me know how much cash you're look for. I'll send you an estimate. If it makes sense, great! If it doesn't, no problem. I really appreciate this opportunity and G-d bless you."




23. The phone number 760-266-7352, from which Defendants called Plaintiff Lipp's cell phone, is owned and operated by Defendants and on calling this phone number, it reaches Defendant Rodriguez' voicemail:

"Hello, you've reached Christopher Rodriguez, Maximum Mortgage. I am on the other line or away from my desk, your call is so important to me. Please leave me a message, but if you're looking for an estimate, the best way for me

CLASS ACTION COMPLAINT
-9-

and my staff to get you that estimate right away via text or email, is to go ahead and text me to this number a recent mort statem and a good email address. And we'll get that right out to you. Thank you so much. And I look forward to hearing from you soon."

24. The call back number Defendant Rodriguez left in the voicemail to Plaintiff Lipp, 760-350-7475, also belongs to the Defendants. On calling 760-350-7475, it goes to the Defendant Rodriguez's voicemail, with exactly the same voice message as the phone number 760-266-7352.

25. The unauthorized solicitation that Plaintiff received from Defendant, as alleged herein, have harmed Plaintiff Lipp in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

26. Seeking redress for these injuries, Plaintiff Lipp, on behalf of himself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits sending unsolicited calls to cell phones using a pre-recorded voice message.

**CLASS ALLEGATIONS**

27. Plaintiff Lipp brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1)

CLASS ACTION COMPLAINT
-10-

Defendant Rodriguez or Defendant Maximum Mortgage called on their cellular telephone number (2) using an artificial or pre-recorded voice.

28.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff Lipp anticipates the need to amend the Class definition following appropriate discovery.

29.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received pre-recorded voicemail as part of the same telemarketing campaign resulting in pre-recorded voicemails sent to other members of the Class.

30.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

CLASS ACTION COMPLAINT
-11-

Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendants or their agents placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether Defendants' conduct violated the TCPA; and

(c) whether members of the Pre-recorded No Consent Class are entitled to treble damages based on the willfulness of Defendants' conduct.

31. **Adequate Representation**: Plaintiff Lipp will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Lipp has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff Lipp and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff Lipp nor his counsel have any interest adverse to the Class.

32. **Appropriateness**: This class action is also appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply

to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Lipp. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Lipp and the Pre-recorded No Consent Class)**

33. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

34. Defendants and/or their agents transmitted unwanted telephone calls to Plaintiff and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

35. These pre-recorded voice calls were made *en masse* without the prior express written consent of Plaintiff and the other members of the Pre-recorded No Consent Class.

36.     The Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lipp individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Lipp as the representative of the Class; and appointing his attorneys as Class Counsel;

b)  An award of damages and costs;

c)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)  An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)  Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Lipp requests a jury trial.

**RICHARD LIPP JR**, individually and on behalf of all others similarly situated,

DATED this 28th day of July, 2022.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*